IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF SOUTH CAROLINA

ROCK HILL DIVISION

| | |
|---|---|
| WEC Carolina Energy Solutions, LLC,<br><br>        Plaintiff,<br><br>   vs.<br><br>Willie "Mike" Miller, Emily Kelley, and Arc Energy Services, Inc.,<br><br>        Defendants. | 0:10-2775-CMC<br><br>**COMPLAINT**<br><br>(Jury Trial Demanded) |

The Plaintiff, WEC Carolina Energy Solutions, LLC ("WEC"), by and through its undersigned counsel and complaining of the Defendants, alleges and says as follows:

**THE PARTIES**

1.    WEC Carolina Energy Solutions, LLC ("WEC") is a corporation organized and existing under and by virtue of the laws of the State of South Carolina and maintains its principal place of business in the City of Rock Hill, County of York, and State of South Carolina. It offers a full range of specialized welding and related services for the power generation industry.

2.    Defendant Arc Energy Services, Inc. ("Arc") is, upon information and belief, a corporation organized and existing under the laws of the State of South Carolina and maintains its principal place of business at 1876 Midland Road in the City of Rock Hill, County of York, and State of South Carolina. Upon information and belief, Arc is a direct competitor of WEC in that it purports to offer the same type of services to the power generation industry.

3.    Defendant Willie "Mike" Miller ("Miller") is, upon information and belief, a resident of St. Marys, State of Georgia. Miller is employed with Arc and works out of its offices

in Rock Hill, South Carolina. All or some of the acts performed by Miller herein took place within the State of South Carolina, and Miller transacts business and regularly engages in conduct in South Carolina.

4.    Defendant Emily Kelley ("Kelley") is an adult individual who, upon information and belief, is a resident of 420 White Cedar Drive, Columbia, South Carolina 29229 and who had been employed by WEC. She was, at all relevant times, an assistant to Miller. Upon information and belief, she now works for Arc in a similar capacity.

5.    The Court has personal jurisdiction over the parties and subject matter jurisdiction over the action pursuant to 28 U.S.C. § 1331, supplemental jurisdiction pursuant to 28 U.S.C. § 1367, and federal question jurisdiction pursuant to 18 U.S.C. § 1030(g). Venue is proper in this Court as many of the actions complained of took place in this district.

## FACTS

6.    WEC realleges the allegations of Paragraphs 1 through 5 above as fully as if set forth herein verbatim.

7.    Miller was employed as a project manager in field services at WEC until he resigned his employment, without prior notice, on April 30, 2010.

8.    During his employment with WEC and in his capacity as project manager, Miller was issued a company laptop computer and company cell phone, and he had access to WEC's intranet and computer servers. Miller had access to numerous confidential and trade secret documents stored on these computer servers, including pricing, terms, pending projects and the technical capabilities of WEC.

9.    WEC takes substantial and reasonable measures to protect its confidential information and trade secret information contained on those computers and servers.

10.	Miller, during the course of his employment, was in a position of trust and confidence, and he owed a fiduciary obligation to act in the best interest of WEC. Miller breached that duty by agreeing to share WEC's confidential information with a competitor. Kelley assisted Miller and breached her own duties.

11.	While employed at WEC and before his resignation, Miller communicated with employees, principals, and representatives of Arc, for the purposes of competing with WEC and preparing to become employed with Arc. Many of these communications were made via text messages from Miller's WEC-issued cell phone.

12.	While employed with WEC and immediately before his resignation, Miller, either by himself or by his assistant, Kelley, downloaded a substantial number of WEC's confidential documents, and e-mailed such information and documents, unencrypted, to his personal e-mail address millertyme247@gmail.com. Miller had no legitimate business reason to do so. Moreover, this action was in direct violation of WEC's clear policy prohibiting the use of any confidential information or trade secret unless authorized by WEC, which policy was known to Miller and Kelley.

13.	Those confidential and trade secret documents include, but are not limited to, past and pending WEC proposals to numerous customers, pricing information, employee license numbers, computer presentations, requests for proposals, and quotation work sheets. Upon information and belief, Miller then supplied that information and documents to Arc. This was done for the purpose of enabling Arc to unfairly compete with WEC using its own information.

14.	Miller, either by himself or with Kelley, surreptitiously downloaded a proposal prepared by WEC to Dominion Generation ("Dominion") for two projects at Dominion's Surry

3

Station in Smithfield, Virginia and Dominion's North Anna project in Mineral, Virginia. Having that material gave Arc a significant advantage.

15.     On May 19, 2010, twenty (20) days after his resignation from WEC, Miller went to Smithfield, Virginia to make a presentation on behalf of Arc to Dominion. Miller used WEC's information and the documents he had downloaded prior to his resignation to craft Arc's proposal to Dominion. Arc subsequently was awarded both projects.

16.     Upon information and belief, Arc, through its principals, approved of, encouraged, and benefitted from Miller's and Kelley's illicit actions, including without limitation Miller's and Kelley's conversion and unlawful use of WEC's trade secrets and confidential information.

**FOR A FIRST CAUSE OF ACTION**
**(Against Miller and Kelley for Breach of Duty of Loyalty)**

17.     WEC realleges the allegations of Paragraphs 1 through 16 above as fully as if set forth herein verbatim.

18.     While employed by WEC, as a result of his position as project manager, Miller owed WEC a duty of loyalty. As Miller's assistant, Kelley also owed such a duty.

19.     Miller and Kelley breached their duty of loyalty to WEC by, among other things, planning to solicit WEC's clients to move their business to Arc; copying client files, e-mails, and other WEC confidential and proprietary information to Miller's personal computer for the purposes of using such information to allow Arc to unfairly compete with WEC and to unlawfully disseminate it to a competitor of WEC, Arc, and forwarding WEC work product to his personal e-mail account.

20. As a direct and proximate result of the breaches of the duty of loyalty by Miller and Kelley, WEC has suffered actual damages and is entitled to recover such damages from Miller and Kelley, including the loss of income from welding projects.

## FOR A SECOND CAUSE OF ACTION
### (Against Miller and Kelley for Breach of the Implied Duty of Good Faith and Fair Dealing)

21. WEC realleges the allegations of Paragraphs 1 through 20 above as fully as if set forth herein verbatim.

22. Miller and Kelley owed WEC an implied duty to deal fairly, act in good faith, and otherwise perform all actions that were necessary, reasonable, prudent and proper in satisfying Miller and Kelley's duties to WEC pursuant to their employment with WEC.

23. Miller and Kelley breached the duty of good faith and fair dealing that they owed to WEC, as Miller and Kelley repeatedly acted in bad faith toward and dealt unfairly with WEC by engaging in the aforementioned actions, including but not limited to downloading confidential documents and trade secrets to a personal computer and giving it to Arc for its use.

24. WEC is entitled to the actual damages that it suffered as a direct and proximate result of Miller and Kelley's breaches of the covenant of good faith and fair dealing.

## FOR A THIRD CAUSE OF ACTION
### (Against Arc for Aiding and Abetting the Breach of the Duties of Loyalty and Breach of Good Faith and Fair Dealing)

25. WEC realleges the allegations of Paragraphs 1 through 24 above as fully as if set forth herein verbatim.

26. Upon information and belief, Defendants Miller and Kelley were directed to download the confidential and proprietary information of WEC by Arc for the benefit of Arc.

27. In doing so, Arc aided and abetted Miller and Kelley's breaches of their duty of loyalty and the implied duty of good faith and fair dealing.

28. As a direct and proximate result of the aiding and abetting of the breaches of the duty of loyalty and the implied duty of good faith and fair dealing by Arc, WEC has suffered actual damages and is entitled to recover such damages from Arc.

**FOR A FOURTH CAUSE OF ACTION**
**(Against all Defendants for Violations**
**of the Computer Fraud and Abuse Act)**

29. WEC realleges the allegations of Paragraphs 1 through 28 above as fully as if set forth herein verbatim.

30. The Federal Computer Fraud and Abuse Act ("CFAA"), makes it a crime, *inter alia*, to (a) intentionally access a computer without authorization or to exceed authorized access, and thereby obtain "information from any protected computer if the conduct involved an interstate or foreign communication;" (b) knowingly and with intent to defraud, access a protected computer without authorization or to exceed authorized access, and by means of such conduct further the intended fraud and obtain anything of value; and (c) "intentionally access[ ] a protected computer without authorization, and as a result of such conduct," recklessly or intentionally cause damage. 18 U.S.C. § 1030(3)(c), (a)(4) and (a)(5)(A)(ii) and (iii). WEC's computer was a "protected computer" within the meaning of the CFAA.

31. 18 U.S.C. § 1030(g) expressly provides victims of such conduct with a private right of action: "Any person who suffers damage or loss by reason of a violation of this section may maintain a civil action against the violator to obtain compensatory damages and injunctive relief or other equitable relief."

32. Upon information and belief, at the direction of Arc, Miller and Kelley intentionally accessed WEC's computer system without authorization or exceeded any authorized access. Under WEC's policies they were not permitted to download confidential and proprietary information to a personal computer. That access took place from locations within

and without South Carolina. Through such unauthorized access, Arc has obtained confidential information from a protected computer in that WEC's computers are used in interstate and/or foreign commerce and communication. In addition, Arc's actions involved interstate or foreign communications. Miller's and Kelly's conduct constituted breaches of their fiduciary duties to WEC and therefore, they did not have authorization or exceeded their authorization as such over WEC's computer.

33. Through such unauthorized access, WEC has suffered and will continue to suffer impairment to the integrity of its data, programs, systems or information, including economic damages, and loss aggregating substantially more than $5,000 during a one-year period.

34. Unless enjoined, Arc, Miller and Kelley will continue to violate the CFAA. WEC has no adequate remedy at law for some or all of such damage.

## FOR A FIFTH CAUSE OF ACTION
### (Against all Defendants for Conversion)

35. WEC realleges the allegations of Paragraphs 1 through 34 above as fully as if set forth herein verbatim.

36. WEC owns and is entitled to possession of its confidential and proprietary information.

37. Upon information and belief, Arc, Miller and Kelley are in possession of confidential and proprietary information belonging to WEC, and without authorization have assumed and exercised ownership over such information to the exclusion of WEC's rights and have used such information for their own benefit.

38. The actions of Arc, Miller and Kelley constitute a conversion of WEC's confidential and proprietary information.

39. WEC has suffered actual damages as a direct and proximate result of the actions of Arc, Miller and Kelley and is entitled to recover such damages from Arc, Miller and Kelley.

40. Because the actions of Arc, Miller and Kelley were reckless, willful and wanton, WEC is also entitled to an award of punitive damages.

**FOR A SIXTH CAUSE OF ACTION**
**(Against all Defendants for Violation of**
**the South Carolina Unfair Trade Practices Act)**

41. WEC realleges the allegations of Paragraphs 1 through 40 above as fully as if set forth herein verbatim.

42. The actions of Arc, Miller and Kelley as set forth herein occurred while Arc, Miller and Kelley were engaged in "trade" or "commerce" as those terms are defined in S.C. CODE ANN. § 39-5-10.

43. The conduct of Arc, Miller and Kelley constitutes unfair and deceptive acts and practices in the conduct of trade or commerce and violates the South Carolina Unfair Trade Practices Act.

44. Arc, Miller and Kelley acted willfully in they knew or should have known that their conduct constituted violations of the South Carolina Unfair Trade Practices Act.

45. The unfair and deceptive acts and practices of Arc, Miller and Kelley have adversely affected and continue to adversely affect the public interest.

46. WEC has suffered actual damages as a direct and proximate result of the actions of Arc, Miller and Kelley and it is entitled to recover such damages from Arc, Miller and Kelley.

47. Because the conduct of Arc, Miller and Kelley was willful, WEC is entitled to an award of treble damages, as well recovery of its attorneys' fees and costs pursuant to S.C. CODE ANN. § 39-5-140.

### FOR A SEVENTH CAUSE OF ACTION
### (Against all Defendants for Tortious Interference
### With Actual and Prospective Contractual Relations)

48. WEC realleges the allegations of Paragraphs 1 through 47 above as fully as if set forth herein verbatim.

49. Arc, Miller and Kelley have intentionally interfered with actual and prospective contracts between WEC and its clients. Upon information and belief, this interference includes, but is not limited to, efforts to misappropriate WEC's confidential information so that WEC would not be able to perform its existing contractual obligations to its clients or pursue new client relationships.

50. Arc, Miller and Kelley had actual or constructive notice of the existence of the actual or prospective contracts and had no justification or privilege to interfere with such contracts.

51. Arc, Miller and Kelley had an improper purpose related to their interference with the actual or prospective contracts and used methods of interference that were in violation of South Carolina law.

52. As a direct and proximate result of Arc, Miller and Kelley's intentional actions, WEC has suffered actual damages and is entitled to recover such damages from Arc, Miller and Kelley.

53. WEC is also entitled to an award of punitive damages due to Arc, Miller and Kelley's intentional and malicious actions.

### FOR A EIGHTH CAUSE OF ACTION
### (Against all Defendants for Civil Conspiracy)

54. WEC realleges the allegations of Paragraphs 1 through 53 above as fully as if set forth herein verbatim.

55. Upon information and belief, Arc, Miller, Kelley and others, including certain principals and officers of Arc, have acted in combination with each other to further a conspiracy against WEC.

56. In particular, Arc, Miller, Kelley and others, upon information and belief, have committed the following acts, in addition to the wrongful acts described herein, in furtherance of the conspiracy: (a) Arc, Miller, Kelley and others have, upon information and belief, contrived a plan and acted in concert to disrupt the business operations of WEC; (b) Arc, Miller, Kelley and others have, upon information and belief, contrived a plan and acted in concert to misappropriate the confidential and proprietary information of WEC; (c) Arc, Miller, Kelley and others have, upon information and belief, acted in concert to sabotage WEC's ability to perform its existing contractual obligations and to pursue new work with clients; (d) Arc, Miller, Kelley and others have, upon information and belief, acted in concert with others in performing some or all of the wrongful acts alleged in this Complaint hereinabove; and/or (e) other acts that may be discovered during these proceedings.

57. The purpose of this conspiracy was to injure WEC and to benefit Arc, Miller, Kelley and Arc's principals and officers.

58. WEC has suffered special damages as a direct and proximate result of the aforesaid conspiracy and is entitled to recover such damages against Arc, Miller and Kelley.

### FOR A NINTH CAUSE OF ACTION
**(Against all Defendants for Constructive Trust)**

59. WEC realleges the allegations of Paragraphs 1 through 58 above as fully as if set forth herein verbatim.

60.     As set forth herein, Arc, Miller and Kelley have wrongfully obtained confidential and proprietary information of WEC, and such information is not rightfully the property of Arc, Miller and Kelley.

61.     The imposition of a constructive trust on any and all proceeds arising from the use by Arc, Miller and Kelley of any WEC property is necessary to protect WEC's equitable rights and to prevent injustice to WEC arising from Arc, Miller and Kelley's wrongful taking, retention, and use of the property of WEC.

62.     In order to make WEC whole and prevent the continued conversion and use of its property, WEC is entitled to a constructive trust upon all proceeds arising from the Arc, Miller and Kelley's wrongful taking, retention, and use of the property of WEC, and all real property and other assets purchased wholly or partly with those funds.

### FOR A TENTH CAUSE OF ACTION
**(Against all Defendants for Misappropriation of Trade Secrets)**

63.     WEC realleges the allegations of Paragraphs 1 through 62 above as fully as if set forth herein verbatim.

64.     The accumulation of confidential and proprietary information *inter alia* concerning WEC's bid procedures and bid information that was taken by Miller and Kelley and used by Arc constitute trade secrets under S.C. CODE ANN. § 39-8-20, which WEC reasonably sought to protect.  The actions of Miller and Kelley in disclosing to a competitor and in utilizing the trade secrets of WEC constitutes misappropriation under S.C. CODE ANN. § 39-8-20 and 30. The actions of Arc, Miller and Kelley in acquiring said trade secrets constitute a misappropriation under S.C. CODE ANN. § 39-8-20.

65.     The actions of Arc, Miller and Kelley constitute willful misappropriation of WEC's trade secrets.  WEC is entitled to damages caused by their misappropriation.

66. WEC is entitled to actual and punitive damages caused by their misappropriation of trade secrets, such amount to be proven at trial as authorized by S.C. CODE ANN. § 39-8-40, including its attorneys' fees and costs and pre and post-trial interest.

67. WEC has suffered and continues to suffer irreparable injury for which there is no adequate remedy at law. WEC is entitled to a temporary injunction and permanent injunction against Arc, Miller and Kelley as authorized by S.C. CODE ANN. § 39-8-50. Such injunction should include a requirement that the Defendants permanently protect the trade secrets, expunge all indicia of possession of such trade secrets, and be ordered not to utilize them in any way or for any purpose.

WHEREFORE, Plaintiff WEC Carolina Energy Solutions, LLC prays for judgment against Arc, Miller and Kelley, providing the following relief:

(a) That Arc, Miller and Kelley, individually and collectively, be required to immediately return all WEC confidential and proprietary information in their possession, including all originals, hard copies, and electronic copies;

(b) That Arc, Miller and Kelley, individually and collectively, after returning all confidential and proprietary information to WEC, be required to certify to the Court under oath that they, individually and collectively, possess no additional confidential or proprietary information belonging to WEC, either originals, hard copies, or electronic copies, and that they have permanently erased from any computer memory, hard drive, or any other means of hard storage or electronic storage, any such confidential and proprietary information belonging to WEC;

(c) That WEC be awarded actual, compensatory, consequential, and special damages;

(d) That WEC be awarded punitive damages and treble damages;

(e) That WEC be awarded attorneys' fees and costs associated with bringing and prosecuting this action;

(f) That a constructive trust be imposed as set forth herein; and

(g) That WEC be awarded prejudgment interest; and that WEC be awarded such other and further relief as this Court deems just and proper.

|  |  |
|---|---|
|  | s/Angus H. Macaulay |
|  | Angus H. Macaulay          Fed ID No. 5248 |
|  | amacaulay@nexsenpruet.com |
|  | NEXSEN PRUET, LLC |
|  | 1230 Main Street, Suite 700 (29201) |
|  | Post Office Drawer 2426 |
|  | Columbia, South Carolina 29202 |
|  | Tel:  803-253-8279 |
|  | Fax:  803-727-1465 |
| October 26, 2010 |  |
|  | Attorneys for Plaintiff |
| Columbia, South Carolina | WEC Carolina Energy Solutions, LLC |